*122
 
 Day, J.
 

 This is an action in mandamus in this court wherein the relator, David F. Crawford, seeks to compel the auditor and the hoard of county commissioners of Cuyahoga county to draw a warrant on the treasury of said county in favor of the relator for the sum of $13.86, and interest thereon from the average date of January 1, 1923, and that similar and corresponding order be made for each individual who held title to certain real estate assessed for highway improvement by the county for the amount indicated in the petition to have been paid by such individual.
 

 The facts are not in dispute. They are in substance that a certain tract of land, consisting of 22.25 acres, with a frontage of 551.9 feet on the westerly line of the Dover Center road in the village of Dover, Cuyahoga county, Ohio, had been assessed for improvement by grading, draining and paving said highway, and the said improvement actually made. The total cost as assessed upon the property owners along the highway was $101,467.77. The relator claims that such amount was in excess of the actual cost of said improvement, which was $90,641.54; that the amount remaining in the county treasury corresponding to the property owners’ portion is $10,823.23; and the relator claims that the part of said sum remaining in the county treasury corresponding to the property owners’ portion mentioned above, which corresponds to the premises described, is $110.42; that all the assessments against said premises have been assessed and paid by relator and the respondents who were former owners, and that the amount of
 
 money
 
 which corresponds to each year’s payment is as follows:
 

 Year Assessment paid by Paid Assessment Per cent of refund Amount of refund
 

 1919 Olga Lepene.......... $107.55 11.765 $12.99
 

 1920 Edward Weinberger.. 103.97 11.373 12.56
 

 1921 Edward Weinberger.. 100.38 10.96 12.12
 

 1922 David Sunshine....... 96.82 10.586 11.70
 

 1923 David Sunshine....... 93.21 10.196 11.26
 

 
 *123
 
 Paid Year Assesment paid by Assessment Per cent of refund Amount of refund
 

 1924 David Sunshine................ 89.62 9.804 11.26
 

 1925 David Sunshine................ 88.04 9.412 10.39
 

 1926 Glen S. and Teresa Crockett... 82.45 9.02 9.96
 

 1927 First half — Glen S. and Teresa
 

 Crockett ................. 39.43 [ 1927 Last half — David F. Crawford 39.44 j 1928 David F. Crawford............ 75.29 8.627 8.235 f 4.76 14.76 9.10
 

 Total $914.20 100% $110.42
 

 Relator and said respondents paid the amounts above indicated, and there is owing to each one so indicated the following amounts now in the treasury of said county, to wit:
 

 Respondent Olga Lepene............... $12.99
 

 Respondent Edward Weinberger........ 24.68
 

 Respondent David Sunshine............ 44.17
 

 Respondents Glen S. and Teresa Crockett 14.72
 

 Relator David F. Crawford........ 13.86
 

 It is to recover these various amounts for himself and for the respondents named that this writ of mandamus is asked by relator, demand having been made for the payment of the same and the auditor and county commissioners having refused and neglected to issue orders upon the treasury of Cuyahoga county, although the money is in the fund ready to be paid.
 

 The only question before the court is: To whom shall the money be refunded? Manifestly the county should not keep this money, nor does it desire to do so, but stands ready and willing to pay it to the persons who are lawfully entitled thereto.
 

 It has been the practice for a number of years to estimate and assess the cost of an improvement, at a greater amount than the actual cost, and as a result thereof an excess assessment has accumulated in the county treasury, relating to the various road improvements and assessments. This situation cannot arise since the effective date of Section 6912-1, General Code,
 
 *124
 
 January 2, 1928, -which provides that after the
 
 completion
 
 of an improvement the actual cost shall be determined and the assessments corrected upon the duplicate in accordance therewith.
 

 Section 3909, General Code, provides how excess assessments in municipalities are to be repaid, as follows: “If an assessment proves insufficient to pay for the improvement and expenses incident thereto, the council may, under the limitation prescribed for such assessment, make an additional pro rata assessment to supply the deficiency. In case a larger amount is collected than is necessary, it shall be returned to the persons from whom it was collected, in proportion to the amounts collected from such persons respectively. This section shall be subject to the limitations contained in other sections of this chapter.”
 

 "We are unable to find any provision of the General Code applicable to the situation relating to county assessments outside municipalities. We are of opinion that by analogy to Section 3909, relative to municipalities, the county should repay the money to the persons who appear of record to have paid it.
 

 Section 2589, General Code (114 Ohio Laws, 725), provides: “After having delivered * * * a duplicate to the county treasurer for collection, if the auditor is satisfied that any tax or assessment thereon or any part thereof has been erroneously charged, he may give the person so charged a certificate to that effect to be presented to the treasurer, who shall deduct the amount from such tax or assessment. If at any time the auditor discovers that erroneous taxes or assessments have been charged and collected in previous years, he shall call the attention of the county commissioners thereto at a regular or special session of the board. If the commissioners find that taxes or assessments have been so erroneously charged and collected, they shall order the auditor to draw his warrant on the county treasurer in favor of the person
 
 *125
 
 paying them for the full amount of the taxes or assessments so erroneously charged and collected. The county treasurer shall pay such warrant from the general revenue fund of the county.”
 

 Our conclusion is that the various property owners who have overpaid part of the assessments, as set forth in the petition herein, are entitled to recover from Cuyahoga county the various excess sums so paid. The present owner, Charles K. Sunshine, not having paid any excess assessments, is not entitled to recover. As the question of remedy was not raised by the pleadings, in briefs, or by counsel in. argument, it is unnecessary to discuss the same.
 

 A writ of mandamus will be allowed commanding the county auditor and the county commissioners of Cuyahoga county to issue such order and the treasurer of that county to pay the same to the relator, David F. Crawford, and the respondents, Olga Lepene, Edward Weinberger, David Sunshine, Glen S. Crockett and Teresa Crockett, in proportion as .they have paid such excess assessments into the treasury.
 

 Writ allowed.
 

 Weygandt, C. J., Aleen, Stephenson, Jones and Matthias, JJ., concur.
 

 Kinkade, J., not participating.